**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 23 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

STEVEN THUNDERING BAD
HEART BULL, also known as
Steven Dewayne Rands,

      Plaintiff-Appellant,

v.

STATE OF WYOMING; GOSHEN
COUNTY; JUDY UPHOFF, Wyoming
Department of Corrections Director,
in her official capacity; SCOTT
ABBOTT, Wyoming Department of
Corrections State Penitentiary Warden,
in his official capacity,

      Defendants-Appellees.

No. 03-8025
(D.C. No. 03-CV-33-B)
(D. Wyo.)

---

**ORDER AND JUDGMENT** *

---

Before **MURPHY** and **PORFILIO** , Circuit Judges, and **BRORBY** , Senior Circuit
Judge.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Steven Thundering Bad Heart Bull, a prisoner of the State of Wyoming appearing pro se, appeals from the district court's order dismissing his civil rights complaint. We affirm.

Plaintiff was convicted under the name Steven Dewayne Rands. Subsequent to his conviction, he was legally adopted and was given the name Steven Thundering Bad Heart Bull. He filed this suit, alleging that he is being denied his constitutional right to use his adoptive name in prison. According to plaintiff, prison officials told him that they could not recognize his adoptive name because it was not on his mittimus papers and that he needed to get a court order. The district court dismissed the complaint without prejudice, holding that plaintiff had failed to show that defendants had violated his federal constitutional rights. The court suggested that plaintiff might choose to seek relief in the state court where he was sentenced.

On appeal, plaintiff argues: (1) that the district court should have ordered defendants to recognize his adoptive name; and (2) that he is being denied access to the law library or legal help.

We have reviewed plaintiff's brief and the record on appeal.  Like the district court, we are sympathetic to plaintiff's desire to be called by his adoptive name.  However, we find no error in the district court's decision, and we affirm for the reasons stated by the district court.  Plaintiff did not raise his second issue in the district court, and we decline to address it for the first time on appeal.  See Singleton v. Wulff, 428 U.S. 106, 120 (1976).

The motion to proceed on appeal in forma pauperis is granted.  Appellant is reminded that he remains obligated to make partial payments toward the filing fee until it is paid in full.  The judgment of the district court is AFFIRMED.  The district court's dismissal for failure to state claim counts as a strike under 28 U.S.C. § 1915(e)(2)(B)(ii) and (g).    See Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 781 (10th Cir. 1999).  The mandate shall issue forthwith.

Entered for the Court

Michael R. Murphy
Circuit Judge